[Cite as *State v. Robertson*, 2020-Ohio-521.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                  Court of Appeals No. OT-19-018

    Appellee                              Trial Court No. 19 CR 005

v.

William Robertson                          **DECISION AND JUDGMENT**

    Appellant                             Decided:  February 14, 2020

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Russell V. Leffler, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 3, 2019 judgment of the Ottawa County Court

of Common Pleas, sentencing appellant to a four year and 11-month term of incarceration

following appellant's conviction pursuant to a voluntary plea agreement on three counts

of breaking and entering, felonies of the fifth degree, two counts of theft, misdemeanors

of the first degree, one count of burglary, a felony of the third degree, one count of failure to comply, a felony of the third degree, and one amended count of unlawful restraint, a misdemeanor of the third degree. In exchange, an additional ten criminal offenses, including both felonies and misdemeanors, pending against appellant were dismissed. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, William Robertson, sets forth the following two assignments of error:

> I. IT WAS AN ABUSE OF DISCRETION AND A DENIAL OF DUE PROCESS FOR THE COURT TO SENTENCE THE DEFENDANT BASED UPON INACCURATE [PSI] INFORMATION.

> II. TRIAL COURT IS REQUIRED TO CONSIDER AND MAKE FINDINGS IN A FAILURE TO COMPLY CASE UNDER O.R.C. 2921.331(B) AND (C).

{¶ 3} The following undisputed facts are relevant to this appeal. On December 22-23, 2018, appellant and his wife committed an extensive, drug-fueled crime spree at numerous locations in the Port Clinton, Ohio area. This crime wave triggered a multi-agency law enforcement search for the perpetrators and culminated in a high-speed chase along State Route 2. Appellant abandoned his vehicle and wife during the chase, evaded capture, and fled the area. Appellant was apprehended the following week in Mansfield, Ohio.

{¶ 4} In the course of these crimes, the duo broke into a multitude of commercial businesses, passenger cars, and commercial semi-trucks. They stole an array of items including toolboxes, brass fittings, hand tools, a concrete saw, an air brake repair kit, ratchet straps, a chainsaw, a miter saw, a truck bed attachment, bolt cutters, a sledgehammer, and miscellaneous items in order to subsequently sell the stolen property.

{¶ 5} Appellant had familiarity with many of the targeted locations and items given appellant's past employment in the area as a commercial truck driver. During the course of the considerable period of time that appellant and his wife spent at the Holcomb trucking company scouring the premises to select and secure items to steal, the victim arrived on the scene, immediately reported the crimes to law enforcement, and followed the fleeing perpetrators in his vehicle in order to provide information to the pursuing officers. The ensuing police chase involved pursuit by a number of law enforcement agencies, including local, state, and federal law enforcement.

{¶ 6} Ultimately, appellant fled on foot and left his wife behind as law enforcement closed in on the duo. Appellant's wife was captured and cooperated with law enforcement in connection to these crimes.

{¶ 7} After evading capture, appellant arranged to meet a relative at a Port Clinton store. Appellant told the relative that he had a gun and demanded to be driven to Mansfield to abscond to a drug house known to appellant. Law enforcement was eventually able to locate and arrest appellant in Mansfield several days later by pinging the location of the relative's mobile phone.

3.

**{¶ 8}** On January 9, 2019, appellant was indicted on 18 offenses arising from appellant's above-described crime spree. A presentence investigation was ordered.

**{¶ 9}** On March 18, 2019, pursuant to a voluntary plea agreement, appellant pled guilty to seven of the charged offenses, one amended offense, and the remaining ten offenses were dismissed. The record reflects that appellant clearly affirmed his understanding that the pleas exposed him to a potential total term of incarceration in excess of nine years.

**{¶ 10}** Notably, the transcript of the change of plea proceedings reflects that the trial court conveyed pertinent facts including that appellant had threatened the relative who assisted appellant escaping and did not permit that person to leave the car during those events. The transcript further reflects that the trial court confirmed appellant's agreement with the recitation of these facts during the change of plea proceedings. The trial court inquired, "Do you agree?" Appellant replied, "Yes, sir."

**{¶ 11}** On May 3, 2019, appellant was sentenced. The record reflects that counter to the severity of the above-described crimes, counsel for appellant optimistically advocated at sentencing that appellant receive community control and placement in a treatment-based facility in lieu of incarceration.

**{¶ 12}** When given an opportunity to speak on his own behalf at sentencing, the record reflects appellant's failure to take accountability for his crimes, minimization of his crimes, and projection of accountability to his former employer and to his wife. Appellant stated, "My life was spiraling out of control in 2017. I started driving a vehicle

4.

for a hotshot outfit * * * *I drove on meth because I was forced by dispatch to stay up and do all those miles * * * I sought treatment in the past and I always got turned away. [This assertion is refuted by the record] * * * my wife cheated on me while I got locked up in Indiana.*"  (Emphasis added).

{¶ 13} Appellant was sentenced to a total term of incarceration of four years and 11 months, approximately one-half of the potential maximum term of incarceration faced by appellant as a result of the plea agreement.  This appeal ensued.

{¶ 14} Both assignments of error stand for the proposition that appellant was unlawfully sentenced in this case.  We do not concur.

{¶ 15} Pursuant to R.C. 2953.08(G)(2), in reviewing a disputed felony sentence, an appellate court may reduce, modify, or vacate the sentence and remand the case to the trial court if the disputed sentence was based upon applicable statutory findings not supported by the record of evidence or was otherwise contrary to law.  *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 16} In the first assignment of error, appellant maintains that the trial court sentence was improper based upon information contained in the PSI report.  We do not concur.

{¶ 17} Specifically, appellant suggests that the report contained materially inaccurate correspondence from a sheriff's deputy, "claiming repeatedly that the defendant had kidnapped someone and demanding he be sent to prison."

{¶ 18} We note that the record clearly reflects that despite semantic discrepancies in the version of events conveyed to law enforcement by appellant's relative, the transcript of the change of plea proceedings reflects that appellant concurred with the material, factual overview of the trial court that appellant had threatened the relative and did not permit him to leave the car.

{¶ 19} With respect to the above-referenced letter from the sheriff's deputy included in the PSI, the record reflects appellant's subjective characterization of the contents of the correspondence to be misleading and self-serving.

{¶ 20} Contrary to appellant's assertion that the letter "demanded" that the trial court send appellant to prison, the correspondence deferentially states, "In my opinion, [appellant] needs to be sent to prison * * * Given the gravity of the situation, justice is best served by sending [appellant] to prison * * * *Thank you for considering my opinion in this matter*." (Emphasis added).

{¶ 21} In addition, appellant maintains that his sentence was somehow compromised due to an inaccuracy in the presentence investigation reflecting a prior felony conviction. Appellant suggests, without evidentiary support, that this prejudicially influenced the trial court in crafting the non-maximum sentence. The transcript of the sentencing hearing refutes this contention.

{¶ 22} The record reflects that counsel for appellant unequivocally stated to the trial court at sentencing that appellant, "has no [prior] felony convictions." The record reflects that the trial court did not take issue with or in any way dispute this fact. Any

6.

suggestions that the incongruous information in the PSI caused a prejudicial sentence to be imposed upon appellant is purely speculative and lacks evidentiary support.

{¶ 23} In addition, appellant suggests on appeal, likewise without evidentiary support, that another portion of the law enforcement letter included in the PSI culminated in an unlawful sentence. In the course of describing appellant's crime spree, the correspondence stated, "[Appellant] led several different law enforcement assets on a week-long manhunt which ultimately ended with a standoff in Mansfield Ohio."

{¶ 24} Appellant argues on appeal, "[C]alling this a week-long manhunt from a series of small thefts seems over the top." We find appellant's concerns in this regard to be unfounded.

{¶ 25} The record clearly reflects that appellant and his wife went on a several-day crime spree committing a high volume of serious crimes involving numerous victims. The record reflects that appellant led multiple police agencies on a high-speed chase on a busy state route including both law enforcement motor vehicles and a helicopter. The record reflects that appellant ultimately prevailed in his escape. The record reflects that appellant utilized a relative to flee the area under coercive circumstances. The record reflects that it was approximately a week later in which appellant was apprehended by a SWAT team in Mansfield Ohio.

{¶ 26} We find that appellant has failed to submit any convincing, objective evidence in support of the notion that appellant's sentence was compromised and

7.

prejudiced by the accompanying PSI. We find appellant's first assignment of error not well-taken.

{¶ 27} In the second assignment of error, appellant summarily maintains that the portion of appellant's sentence stemming from appellant's failure to comply conviction should have more properly been one year of incarceration, rather than two years.

{¶ 28} In support, appellant asserts that, "there was no indication from the trial court that the court considered any of [the failure to comply] factors." The transcripts of proceedings reflect the lack of merit of this position.

{¶ 29} The transcript of the change of plea proceedings states in pertinent part, "After the fleeing and eluding arising from the car chase on December 23 when the Sheriff's officer is trying to get the vehicle to stop, and it followed the vehicle on routes 2 and 53, and there were a number of law enforcement agencies assisting. There was a helicopter from the Ohio State Highway Patrol [assisting in the chase], the Port Clinton fire department, [and] US border control."

{¶ 30} Suggestions that the trial court failed to consider the facts and circumstances surrounding the failure to comply offense and conviction are without merit. We find appellant's second assignment of error not well-taken.

{¶ 31} Appellant has failed to demonstrate that the disputed trial court sentence was based upon applicable statutory findings not supported by the record or was

8.

otherwise contrary to law.  Accordingly, the judgment of the Ottawa County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.